NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JOHN J. KUCERA (California Bar No. 274184)
Assistant United States Attorney
Asset Forfeiture Section
 Federal Courthouse, 14th Floor
 312 North Spring Street
 Los Angeles, California 90012
 Telephone: (213) 894-3391
 Facsimile: (213) 894-0142
 E-mail: John.Kucera@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| IN THE MATTER OF THE SEIZURE OF: | No. 18-MJ-02875 |
|---|---|
| UP TO AND INLCUDING $10,000 IN BANK FUNDS HELD IN JP MORGAN CHASE ACCOUNT #XXXX9285; ET AL. | **GOVERNMENT'S RESPONSE TO CLAIMANTS' APPLICATION TO STAY EXECUTION OF SEIZURE WARRANTS** |

  Plaintiff United States of America (the "Government"), by and through its counsel of record, the United States Attorney's Office for the Central District of California and Assistant United States Attorney John J. Kucera, requests that this Court reject Claimants' Application to Stay Execution of Seizure Warrants because the relief the Application seeks is invalid as a matter of law. In support of its motion, the Government states as follows:

## I. BACKGROUND

On April 5, 2018, in the District of Arizona, pursuant to a plea agreement, defendants Backpage.com, LLC; Website Technologies, LLC; Posting Solutions, LLC; Amstel River Holdings, LLC; Ad Tech BV; and UGC Tech Group BV (collectively, the "Backpage Defendants"), plead guilty to an Information charging 18 U.S.C. § 1956(h) (money laundering conspiracy). (*See United States v. Backpage.com LLC, et al.*, 18-CR-00465-SPL, Dkt. 4). As part of the plea, the Backpage Defendants agreed to forfeit any asset involved in or "traceable to . . . the proceeds of the offense(s), or which was used to facilitate the commission of the offense(s)," to which they were pleading guilty. (*Id*. at Dkt. 8-1; Para. 8.b). The property the Backpage Defendants agreed to forfeit included, but expressly was not limited to, a list of assets set forth in the plea agreement. (*Id*.) On May 16, 2018, pursuant to Rule 32.2(b), the District of Arizona Court entered a Preliminary Order of Forfeiture. (*Id*. at Dkt. 22), which incorporated the list of forfeitable assets identified in the plea and expressly provided that the Arizona Court would "retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Criminal. P. 32.2(e)." (*Id*.).

On March 28, 2018, and on July 25, 2018, in the District of Arizona, the government filed an indictment and a first superseding indictment, respectively, with a trial date presently set for January 15, 2020, See *United States v. Lacey, et al.*, CR-18-00422-SPL (the "criminal matter"). The indictment and first superseding indictment included forfeiture allegations that seek, among other things, all of the assets seized pursuant to seizure warrants issued in the Central District of California. On October 5, 9, 10, and 11, 2018, the

government filed a series of civil forfeiture complaints seeking to forfeit almost the exact same assets identified in the indictments. *See In the Matter of Seizure of: Any and All Funds Held In Republic Bank Of Arizona Accounts xxxx1889, et al.*, CV-18-6742-RGK-PJW (and related cases) (collectively, the "CDCA civil forfeiture actions"). Thereafter, on October 23, 2018, the Honorable R. Gary Klausner, District Court Judge for the Central District of California, granted the government's motion to stay the CDCA civil forfeiture actions pending the conclusion of the related criminal matter.[1] (*See Id.* Dkt. 85.)

On October 31, 2018, the Honorable Rozella A. Oliver, United States Magistrate Judge for the Central District of California (the "CDCA Court"), issued twelve seizure warrants for funds held in seventeen different bank accounts, which were held in the names of fifteen different law firms (collectively, the "Seizure Warrants"). The government alleges that the assets identified in the Seizure Warrants are involved in or traceable to those assets the Backpage Defendants agreed to forfeit as part of the plea agreement. The Seizure Warrants were issued upon the CDCA Court's probable cause finding that, pursuant to 18 U.S.C. § 981(a)(1)(A) and (C), the funds were property involved in or traceable to money laundering, or were proceeds of violations of 18 U.S.C. §§ 1952, 1956, and 1957 (interstate and foreign travel or transportation in aid of racketeering enterprises, and money laundering offenses,

---

[1] Claimants sought to appeal the District Court's grant of the stay to the 9th Circuit. However, on October 31, 2018, the 9th Circuit Clerk identified the grant of a stay as not appearing to be a final or appealable order, and the Clerk directed Claimants to dismiss their appeal or show cause why it should not be dismissed. Claimants since have filed a response to the Order to Show Cause, but the Circuit has not yet ruled.

3

respectively). Thereafter, in the District of Arizona criminal matter, several potential claimants to the assets sought by the Seizure Warrants (including most, if not all, of the defendants named in *United States v. Lacey, et al.* (collectively, hereafter "Claimants")) filed a Motion to Stay and Vacate the Seizure Warrants. On November 16, 2018, the District of Arizona Court denied Claimants' Motion.

Now, on November 20, 2018, Claimants have filed the instant Application. However, by their own terms, the Seizure Warrants have expired (more than 14 days having passed since their being issued), and the government does not now seek (even if it could) to execute these Seizure Warrants. Accordingly, this matter is moot, and the Court should dismiss Claimants' Application.

**II. ARGUMENT**

A. Claimants' Application To Stay Is Moot Because It Asserts No Judicial Claim

For a court to hear a case, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (quoting *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 38, 43 (1976)). Article III's "case or controversy" requirement limits courts to "resolv[ing] … real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (citation and internal quotation marks omitted); *accord Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227,

241 (1937). Thus, a court cannot render a judgment unless its decision will bind the parties.

Here, there is no case or controversy because, as explained above, the Seizure Warrants that are the subject of Claimants' application have expired, and the government is not seeking to execute those Seizure Warrants. With no pending case or controversy before this Court, a judgment here would only result in an impermissible advisory opinion.

B. <u>Claimants' Request to Notify</u>

Finally, the government takes no position on Claimants' desire to provide "notice to all magistrate judges of this Court" of Claimants' opinions regarding these (or any other) seizure warrants (*See* Application, p. 1).

### III. CONCLUSION

For the forgoing reasons, the government respectfully requests that this Court dismiss Claimants' Application as moot.

Dated: November 27, 2018      Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division


     /s/*John J. Kucera*
JOHN J. KUCERA
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**PROOF OF SERVICE BY E-MAILING**

I am over the age of 18 and not a party to the within action. I am employed by the Office of the United States Attorney, Central District of California. My business address is 312 North Spring Street, 14th Floor, Los Angeles, CA 90012.

On **November 27, 2018**, I served a copy of: **GOVERNMENT'S RESPONSE TO CLAIMANTS' APPLICATION TO STAY SEIZURE WARRANT EXECUTION** upon each person or entity named below by attaching a copy to an e-mail provided by the receiving person or entity per request of the receiving person or entity.

**TO:   tbienert@bmkattorneys.com; kmiller@bmkattorneys.com; glincenberg@birdmarella.com  and aneuman@birdmarella.com**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on: **November 27, 2018** at Los Angeles, California.

/s/ *S. Beckman*
SHANNEN BECKMAN