Exhibit "A"

# Barbara Polowetz

| | |
|---|---|
| **From:** | Barbara Polowetz |
| **Sent:** | Thursday, November 8, 2018 9:31 AM |
| **To:** | Michael Piccarreta |
| **Subject:** | FW: Andrew Padilla: seizure warrants issued for IOLTA funds to defend Mr. Padilla / request for seizure affidavit |
| **Attachments:** | 36A 37 38 40 JPMC.PDF; 36B GrandPoint.pdf |

Amanda:

Thank you for your prompt response to my request for the search warrant affidavits. However, I am a little perplexed. When I reviewed the seizure warrant and matched them up the PDKF firm accounts, the $10,000 seizure warrant is from my operating account which contains nothing but earned fees from all of the law firm's cases. The second account named for $740,000 from the Grand Point bank account was closed approximately one year ago. We do have an IOLTA trust account which only contains unearned funds relating to Mr. Padilla. That account was segregated from our other trust account.

I, too, am not sure who "they" is. However, you may check with Patrick Reid as he is the source of that information and that information was not only provided to myself and Mr. Keenan who was present, but also to Steve Weiss who represents Ms. Vaught. However, as long as we receive the affidavit promptly, it is not important now who recommended it and who did not, only that we receive it. As you indicated, you anticipate having an answer today that should resolve that portion of the problem.

I am willing to stipulate to a deadline extension for the execution of the warrants since they have been served upon me. We do appreciate that you provided the warrants to us rather than serve the banks as it would cause disruption not only to our law firm but numerous clients. However, in the absence of a brief extension, we will need to address this issue with the court immediately due to the impact on Mr. Padilla's and Ms. Vaught's First, Fifth and Sixth Amendment rights.

We understand that the government is not attempting to seize earned fees that have been moved from the IOLTA prior to the receipt of the warrant. The law firm normally issues billings on the first business day of the month for work performed the previous month so regardless of the seizure warrant, no funds would be, nor now will they be, removed from the IOLTA account. In light of this recent development, I do not intend, without court or government approval, to transfer any funds from the Padilla IOLTA account until this issue is resolved.

Finally, I think the government should be aware by now that Mr. Padilla and Ms. Vaught do not have sufficient assets or income to defend themselves and thus if the government is successful in its seizure, they will be denied their counsel of choice and forced to undertake indigent representation. That will undoubtedly have an impact on the pending criminal proceedings.

After you review this email, please get back to me with your thoughts. In the interim, we will continue preparing our pleadings. Best wishes.

Mike Piccarreta

1

**From:** Wick, Amanda (CRM) <Amanda.Wick@usdoj.gov>
**Sent:** Wednesday, November 07, 2018 6:17 PM
**To:** Michael Piccarreta <mlp@pd-law.com>
**Cc:** Reid, Patrick (CRM) <Patrick.Reid@usdoj.gov>
**Subject:** RE: Andrew Padilla: seizure warrants issued for IOLTA funds to defend Mr. Padilla / request for seizure affidavit

Mike,

Kevin forwarded me your email so that I could address your concerns. First, it might help for me to clarify a few things as some of the information in your email isn't quite accurate. We actually obtained two seizure warrants for funds contained within two different IOLTA accounts, both held in the name of Piccarreta Davis Keenan Fidel PC. One (attached hereto as "36A 37 38 40 JPMC") is for $10,000 from a JP Morgan Chase bank account ending in -9285. The second (attached hereto as "36B Grand Point") is for $740,000 from a Grand Point bank account ending in -3985.

I'm not sure who the "they" is that you reference in your email below, but my supervisor at DOJ has told any counsel that inquired that this case is being prosecuted out of the District of Arizona and MLARS is assisting on asset recovery issues only. As a result, we would have to consult with the prosecutors in Arizona to confirm what the status of the criminal case was, whether discovery had been provided, whether the warrant was under seal and, if not, whether we could provide it upon request. Given that the warrant affidavit would likely be produced at some point during discovery, we didn't think the prosecutors in Arizona would object, but we needed to check with them before sending out the warrant affidavit. I anticipate having an answer on that tomorrow.

Finally, the warrant needs to be executed within 14 days, the deadline for which is Wednesday, November 14th. We give law firms the opportunity to wire funds to the United States, in lieu of serving the warrants on the banks, because we are trying to minimize any disruption the warrant could have on your IOLTA accounts. I'm sure Patrick told you that, often when we serve a seizure warrant on a bank to seize funds from an IOLTA account, the bank freezes the accounts entirely and sometimes more accounts than the ones listed in the warrant. Because of the adverse effects that can cause, we work very hard to coordinate with law firms to effectuate the turnover of the funds with as little impact on the firms as possible. However, some firms do decline to wire funds in lieu, and in that situation, we serve the warrants on the bank, as authorized by the court, prior to the 14th day.

To the extent a law firm has earned fees that have not been moved from the IOLTA to an operating account, we request that substantiating bills (redacted for attorney-client privilege) be submitted to us for due diligence review, and once reviewed, we subtract that amount from the seizure amount, as we are not seeking to seize earned fees.

Should you wish to make a Monsanto claim, we offer every defendant the opportunity to show that they are financially unable to pay for their defense without the funds we are seizing. Because of the timeliness of the warrant, we will be seizing the funds before the 14th, but if you can make a showing that your client has no other funds with which to pay for his defense, we are happy to review those materials and consider releasing some amount back to pay legal fees.

I hope that answers your questions, but if not, please do not hesitate to call me at my direct line below. Thank you for your time and assistance with this matter.

Sincerely,

**Amanda Schlager Wick**
Trial Attorney, Asset Forfeiture & Money Laundering Unit
Money Laundering & Asset Recovery Section (MLARS)
1400 New York Ave. NW, 10th Floor
U.S. Dept. of Justice, Washington, D.C. 20004

(202) 514-2842
(202) 597-0435 (cell)
(202) 514-5522 (fax)

**CONFIDENTIALITY NOTICE**: This communication with its contents and attachments, if any, may contain confidential, law enforcement sensitive, privileged attorney/client communications or work products, and is not subject to disclosure. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use, or disclosure is prohibited. If you believe that you have received this communication in error, please notify the sender immediately and permanently delete the email, any attachments, and all copies from your computer.

**From:** Barbara Polowetz <bpolowetz@pd-law.com>
**Sent:** Wednesday, November 7, 2018 3:51 PM
**To:** Rapp, Kevin (USAAZ) <KRapp@usa.doj.gov>
**Cc:** Michael Piccarreta <mlp@pd-law.com>
**Subject:** Andrew Padilla: seizure warrants issued for IOLTA funds to defend Mr. Padilla / request for seizure affidavit

Kevin:

I just was advised by Patrick Reed of DOJ that they've issued a seizure warrant for the IOLTA funds that can be used to defend Mr. Padilla in this criminal case. They are forwarding me the warrant. They indicated that at DOJ, the supervisors have strongly urged the Arizona prosecutors to disclose the seizure affidavit as soon as possible. I am requesting that the seizure affidavit be provided immediately so that I may review it in conjunction with the seizure warrant to determine what legal remedies in the forfeiture and/or the criminal case are appropriate.

Mike Piccarreta


Barbara Polowetz, Legal Assistant
PICCARRETA DAVIS KEENAN FIDEL PC
2 East Congress Street, Ste 1000, Tucson, AZ 85701
t 520.622.6900, ext. 137 | f 520-622-0521 | www.pd-law.com