Gary S. Lincenberg – State Bar No. 123058
  glincenberg@birdmarella.com
Ariel A. Neuman – State Bar No. 241594
  aneuman@birdmarella.com
Gopi K. Panchapakesan – State Bar No. 279586
  gpanchapakesan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Movant John Brunst

Thomas H. Bienert, Jr. – State Bar No. 135311
  tbienert@bmkattorneys.com
Whitney Z. Bernstein – State Bar No. 304917
  wbernstein@bmkattorneys.com
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701

Attorneys for Movant James Larkin

Additional counsel listed on next pages

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE SEIZURE OF:<br><br>UP TO AND INCLUDING $10,000 IN BANK FUNDS HELD IN JP MORGAN CHASE ACCOUNT #XXXXX9285; ET AL. | CASE NO. 2:18-mj-02875-RAO<br><br>[Related Cases: 18-2872; 18-2873; 18-2874; 18-2876; 18-2878; 18-2880; 18-2883]<br><br>**NOTICE OF MATERIAL DEVELOPMENT**<br><br>Assigned to Hon. Rozella A. Oliver, Courtroom 590 |

3558689.2

1 | James C. Grant *(pro hac vice pending)*
      jimgrant@dwt.com
2 | DAVIS WRIGHT TREMAINE LLP
    1201 Third Ave, Suite 2200
3 | Seattle, Washington 98101
    Telephone: (206) 757-8096
4 | Facsimile: (206) 757-7096

5 | Attorneys for Movants Michael Lacey and James Larkin

7 | Paul J. Cambria, Jr. – State Bar No. 177957
      pcambria@lglaw.com
    LIPSITZ GREEN SCIME CAMBRIA LLP
8 | 42 Delaware Avenue, Suite #120
    Buffalo, New York 14202
9 | Telephone: (716) 849-1333
    Facsimile: (716) 855-1580

10 | Attorneys for Movant Michael Lacey

12 | John K. Rubiner – State Bar No. 155208
       jrubiner@bkolaw.com
13 | BARTON, KLUGMAN AND OETTING, LLP
     350 South Grand Avenue, Suite 2200
14 | Los Angeles, CA 90071-3454
     Telephone: (213) 621-4000
15 | Facsimile: (213) 625-1832

16 | Michael L. Piccarreta *(admitted pro hac vice)*
       mlp@pd-law.com
17 | PICCARRETA DAVIS KEENAN FIDEL PC
     2 East Congress Street, Suite 1000
18 | Tucson, Arizona 85701
     Telephone: (520) 622-6900
19 | Facsimile: (520) 622-0521

20 | Attorneys for Movant Andrew Padilla

1  John K. Rubiner – State Bar No. 155208
       jrubiner@bkolaw.com
2  BARTON, KLUGMAN AND OETTING, LLP
   350 South Grand Avenue, Suite 2200
3  Los Angeles, CA 90071-3454
   Telephone: (213) 621-4000
4  Facsimile: (213) 625-1832

5  Steve Weiss *(admitted pro hac vice)*
       sweiss@karpweiss.com
6  KARP & WEISS PC
   3060 N Swan Rd.
7  Tucson, Arizona 85712
   Telephone: (520) 325-4200
8  Facsimile: (520) 325-4224

9  Attorneys for Movant Joye Vaught

10

11 John K. Rubiner – State Bar No. 155208
       jrubiner@bkolaw.com
   BARTON, KLUGMAN AND OETTING, LLP
12 350 South Grand Avenue, Suite 2200
   Los Angeles, CA 90071-3454
13 Telephone: (213) 621-4000
   Facsimile: (213) 625-1832

14
   Bruce Feder *(admitted pro hac vice)*
15     bf@federlawpa.com
   FEDER LAW OFFICE, P.A.
16 2930 E. Camelback Road, Suite 160
   Phoenix, Arizona 85016
17 Telephone: (602) 257-0135

18 Attorneys for Movant Scott Spear

19

20

21

22

23

24

25

26

27

28

3558689.2

3

NOTICE OF MATERIAL DEVELOPMENT

Movants John Brunst, James Larkin, Michael Lacey, Scott Spear, Andrew Padilla, and Joye Vaught, by and through their undersigned counsel, hereby file this Notice of Material Development.

In August 2018, Movants Brunst, Larkin, Lacey, and Spear (and various entities they control) commenced an action in the Court of Chancery of the State of Delaware (*Camarillo Holdings, LLC, et al. v. Amstel River Holdings, LLC, et al.*, C.A. No. 2018-0606-SG (the "Delaware Action")) to enforce their advancement rights under Delaware law, in an effort to obtain funds to pay for, *inter alia*, their defense in the Arizona criminal case (*United States v. Lacey, et al.*, Case No. 18-cr-00422-PHX-SMB (D. Ariz.)).  The government recently intervened in the Delaware Action.  During a March 8, 2019, hearing in the Delaware Action, Assistant U.S. Attorney Amanda Wick[1] made the following representation to the Chancery Court regarding the instant matter pending before this Court:  "Right now, a court in California, a magistrate judge, has stayed a ruling on the government's ability to seize these funds . . . .  And we're all going to wait and see what the Ninth Circuit says."  Exhibit A at p. 48 (excerpt from March 8, 2019, Tr. in the Delaware Action).  She then suggested that Movants were failing to abide by the "stay" because, by continuing to pursue their claims in the Delaware Action, they are "the only people who aren't waiting . . . , who are here, trying to seek a ruling."  *Id.*

Movants recall the government agreeing that it would submit any future warrant applications relating to the retainers at issue to this Court (or, if a warrant application was submitted in another district, to inform that Court of the instant proceedings), but Movants do not recall the Court entering a "stay"—particularly as to a state court civil action predating the seizures at issue before this Court. Moreover, this Court's December 28, 2018, Minute Order states that, following the

---

[1] Ms. Wick is with the Department of Justice in Washington, DC, and has been involved with the numerous seizures of Movants' assets.

completion of the parties' supplemental briefing, the Court will "take the matter under submission," suggesting that a ruling is forthcoming—not that this Court intends to postpone ruling until after a decision by the Ninth Circuit on Movants' appeal of the stay order entered by Judge Klausner.  Movants bring the government's representations to the attention of the Court in case Movants have misunderstood the Court's instructions and rulings, and so that the Court will have an opportunity to clarify matters, if the Court either intended to preclude Movants from pursuing their claims in the Delaware Action, or if the Court intends to postpone ruling until after the Ninth Circuit decides the pending appeal.

*Local Rule 5-4.3.4(a)(2)(i) Compliance:  Filer attests that all other signatories listed concur in the filing's content and have authorized this filing.*

DATED:  March 25, 2019

Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.


By: _____*/s/ Ariel A. Neuman*_____
         Ariel A. Neuman
Attorneys for Movant John Brunst

DATED:  March 25, 2019

Thomas H. Bienert, Jr.
Whitney Z. Bernstein
BIENERT, MILLER & KATZMAN, PLC


By: _____*/s/ Thomas H. Bienert, Jr.*_____
         Thomas H. Bienert, Jr.
Attorneys for Movant James Larkin

| | | |
|---|---|---|
| DATED: March 25, 2019 | | LIPSITZ GREEN SCIME CAMBRIA LLP |

By:     */s/ Paul J. Cambria, Jr.*
Paul J. Cambria, Jr.
Attorneys for Movant Michael Lacey

DATED: March 25, 2019       BARTON, KLUGMAN AND OETTING, LLP

By:     */s/ John K. Rubiner*
John K. Rubiner
Attorneys for Movants Andrew Padilla,
Scott Spear, and Joye Vaught

DATED: March 25, 2019       DAVIS WRIGHT TREMAINE LLP

By: [signature]
James C. Grant
Attorneys for Movants Michael Lacey and
James Larkin

DATED: March 25, 2019       PICCARRETA DAVIS KEENAN FIDEL PC

By:     */s/ Michael L. Piccarreta*
Michael L. Piccarreta
Attorneys for Movant Andrew Padilla

DATED: March 25, 2019       KARP & WEISS PC

By: [signature]
Steve Weiss
Attorneys for Movant Joye Vaught

| | | |
|---|---|---|
| 1 | DATED:  March 25, 2019 | FEDER LAW OFFICE, P.A. |
| 2 | | |
| 3 | | By:  */s/ Bruce Feder* |
| 4 | | Bruce Feder |
| | | Attorneys for Movant Scott Spear |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

```
   IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

                                    :
CAMARILLO HOLDINGS, LLC, et al.,    :
                                    :
           Plaintiffs,               :
                                    :
         v.                          : C.A. No.
                                    : 2018-0606-SG
AMSTEL RIVER HOLDINGS, LLC, et al., :
                                    :
           Defendants.               :
```

                                - - -


                              Chancery Courtroom No. 1
                              Court of Chancery Courthouse
                              34 The Circle
                              Georgetown, Delaware
                              Friday, March 8, 2019
                              1:30 p.m.



                                - - -

BEFORE:  HON. SAM GLASSCOCK III, Vice Chancellor

                                - - -



ORAL ARGUMENT RE DEFENDANTS' MOTION TO STAY AND THE
         UNITED STATES' MOTION TO INTERVENE




------------------------------------------------------------
                    CHANCERY COURT REPORTERS
                     500 North King Street
                   Wilmington, Delaware 19801
                        (302) 255-0521

```
 1   APPEARANCES:

 2         KATHLEEN M. MILLER, ESQ.
           Smith, Katzenstein & Jenkins LLP
 3             -and-
           DANIEL QUIGLEY, ESQ.
 4         of the Arizona Bar
           Daniel J. Quigley, PLC
 5            for Plaintiffs

 6         PAUL D. BROWN, ESQ.
           Chipman Brown Cicero & Cole, LLP
 7             -and-
           STEFAN D. CASSELLA, ESQ.
 8         of the Maryland Bar
             for Defendants
 9
           LAURA D. HATCHER, ESQ.
10         United States Department of Justice
           Assistant United States Attorney
11             -and-
           AMANDA S. WICK, ESQ.
12         of the District of Columbia Bar
           United States Department of Justice
13         Assistant United States Attorney
             for Proposed Intervenor
14

15                      - - -

16

17

18

19

20

21

22

23

24
```

1  Delaware, get an advancement clause in their LLC
2  incorporation agreements, and that kingpin would be
3  paid by all of his money mules for his attorneys' fees
4  for every criminal case he has to be represented for.
5              THE COURT:  The other way around, then
6  every time there was a claim of wrongdoing, the
7  counterparty could climb out of his obligation to
8  advance because there was an allegation of --
9              MS. WICK:  That's right.  And Your
10 Honor, that is exactly why the government mentioned
11 unclean hands.  Because in this situation, the
12 government does not understand how you would get to a
13 summary evaluation of advancement without, A, looking
14 at documents that they haven't provided, which, as
15 Mr. Brown argued, would likely require an undertaking,
16 which they also have not offered here --
17             THE COURT:  Right.  But once again,
18 those are second order.
19             MS. WICK:  I understand that, Your
20 Honor.  But if you were to take the entire thing as a
21 whole and what they're doing -- because here's the
22 thing.  Let me, real quick, talk to you about the
23 second thing that they request, because even though
24 we've seemingly taken it for granted that this Court

48

1    is not going to require the defendant to not block
2    plaintiffs from accessing the advanced funds, we
3    haven't spoken about that, but that was their second
4    request for relief --
5                    THE COURT:  Yeah, I think you can
6    probably rest assured that I'm not --
7                    MS. WICK:  Okay.  And I don't want to
8    spend tons of time on that, but understand, like, what
9    they're seeking.
10                   Right now, a court in California, a
11   magistrate judge, has stayed a ruling on the
12   government's ability to seize these funds, and during
13   the hearing said, Everybody is going to maintain the
14   status quo.  The government is not going to seek these
15   funds.  The government is not going to try to get
16   these funds.  Plaintiffs aren't going to spend these
17   funds.  And we're all going to wait and see what the
18   Ninth Circuit says.  And the only people who aren't
19   waiting are the plaintiffs, who are here, trying to
20   seek a ruling for whatever benefit it can get them, to
21   get at these funds.
22                   THE COURT:  Because the only way
23   advancement works is that way.
24                   MS. WICK:  Yes, unless your entire

```
 1  thing is you have no interest in repayment.  They have
 2  not submitted an undertaking --
 3              THE COURT:  But they don't get
 4  advancement unless they do that.  So I keep saying
 5  that's a second-order consideration.
 6              MS. WICK:  Your Honor, I understand.
 7  Does an undertaking require them to submit any proof
 8  of their ability to repay?
 9              THE COURT:  Absolutely not.
10              MS. WICK:  It's literally --
11              THE COURT:  Absolutely not.
12              MS. WICK:  It's literally just a piece
13  of paper that says --
14              THE COURT:  It is a piece of paper
15  that says, I will repay, but you -- if you had the
16  money to post a bond to repay an undertaking, then you
17  wouldn't need advancement to start with.
18              The way advancement works is one party
19  agrees to pay for the litigation of a second party,
20  subject to an undertaking to repay.  As I say, if it
21  required the party with the undertaking to post a bond
22  for every dollar she's getting, she would never get a
23  dollar, because you wouldn't need the advancement to
24  start with.
```

<u>CERTIFICATE</u>

I, JEANNE CAHILL, RDR, CRR, Official Court Reporter for the Court of Chancery of the State of Delaware, do hereby certify that the foregoing pages numbered 3 through 112 contain a true and correct transcription of the proceedings as stenographically reported by me at the hearing in the above cause before the Vice Chancellor of the State of Delaware, on the date therein indicated.

IN WITNESS WHEREOF I have hereunto set my hand at Wilmington, Delaware, this 14th day of March, 2019.

/s/ Jeanne Cahill
-----------------------------
Jeanne Cahill, RDR, CRR
Official Chancery Court Reporter
Registered Diplomate Reporter
Certified Realtime Reporter