Gary S. Lincenberg – State Bar No. 123058
  glincenberg@birdmarella.com
Ariel A. Neuman – State Bar No. 241594
  aneuman@birdmarella.com
Gopi K. Panchapakesan – State Bar No. 279586
  gpanchapakesan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Movant John Brunst

Thomas H. Bienert, Jr. – State Bar No. 135311
  tbienert@bmkattorneys.com
Whitney Z. Bernstein – State Bar No. 304917
  wbernstein@bmkattorneys.com
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701

Attorneys for Movant James Larkin

*[Additional counsel listed on next pages]*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| IN THE MATTER OF THE SEIZURE OF:<br><br>UP TO AND INCLUDING $10,000.00 IN BANK FUNDS HELD IN JP MORGAN CHASE ACCOUNT #XXXX9285; *et al.* | CASE NO. 2:18-mj-02875-RAO<br><br>[Related Cases: 18-2872; 18-2873; 18-2874; 18-2876; 18-2878; 18-2880; 18-2883]<br><br>**NOTICE OF MATERIAL DEVELOPMENT**<br><br>Assigned to Hon. Rozella A. Oliver, Courtroom 590 |

3596349.3

James C. Grant *(pro hac vice pending)*
    jimgrant@dwt.com
DAVIS WRIGHT TREMAINE LLP
1201 Third Ave, Suite 2200
Seattle, Washington 98101
Telephone: (206) 757-8096
Facsimile: (206) 757-7096

Attorneys for Movants Michael Lacey and James Larkin

Paul J. Cambria, Jr. – State Bar No. 177957
    pcambria@lglaw.com
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite #120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580

Attorneys for Movant Michael Lacey

John K. Rubiner – State Bar No. 155208
    jrubiner@bkolaw.com
BARTON, KLUGMAN AND OETTING, LLP
350 South Grand Avenue, Suite 2200
Los Angeles, CA 90071-3454
Telephone: (213) 621-4000
Facsimile: (213) 625-1832

Attorneys for Movants Andrew Padilla, Scott Spear, and Joye Vaught

Bruce Feder *(admitted pro hac vice)*
    bf@federlawpa.com
FEDER LAW OFFICE, P.A.
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135

Attorneys for Movant Scott Spear

Movants John Brunst, James Larkin, Michael Lacey, Scott Spear, Andrew Padilla, and Joye Vaught, by and through their undersigned counsel, hereby file this Notice of Material Development.

On November 20, 2018, Movants filed an Application to (1) Stay Execution of Seizure Warrants; and (2) Provide Notice to the Court of First Amendment and *Franks* Violations in this and seven related cases. Dkt. 4 (under seal). The Application concerned the seizure of funds from attorney trust accounts held for the legal defense of Movants in connection with the government's ongoing prosecution in *United States v. Lacey, et al.*, No. CR-18-00422-06-PHX-SPL (D. Ariz.), and other cases. On December 12, 2018, the Court heard Movants' Application. The Court ordered the government to file a surreply by December 17, 2018, addressing: (1) the government's claim of mootness and (2) its conduct in threatening to execute seizure warrants even when Movants had sought stays of the warrants. Dkt. 23. After denying the government's *ex parte* application to modify the timing and nature of the briefing requested by the Court (Dkt. 28), the government submitted its surreply on January 7, 2019. Dkt. 29. Movants responded on January 14, 2019. Dkt. 31. The Court then took the matter under submission. Dkt. 28.

On July 30, 2019, the Ninth Circuit Court of Appeals issued an order in another matter, *IN RE: ANY AND ALL FUNDS HELD IN REPUBLIC BANK OF ARIZONA ACCOUNTS XXXX1889, XXXX2592, XXXX1938, XXXX2912, AND XXXX2500 (UNITED STATES OF AMERICA VS. JAMES LARKIN, ET AL., REAL PARTY IN INTEREST)*,[1] in which Movants have challenged the government's seizures of other assets belonging to them. Specifically, the Ninth Circuit vacated a stay imposed by the Hon. R. Gary Klausner related to Larkin, Brunst, Lacey, and Spear's Motion to Vacate or Modify Seizure Warrants filed in that case. The Ninth Circuit remanded the matter to the District Court for a full hearing on that motion.

---

[1] District Court Case No. 2:18-cv-06742-RGK (PJWx)

The Ninth Circuit's Memorandum is attached hereto as Exhibit A for the Court's reference.

Judge Klausner lifted the stay in *Republic Bank of Arizona* (and the many related cases) on October 4, 2019, and requested further briefing from the parties. That briefing has been filed, but no date has yet been set for a hearing on the Motion to Vacate in those matters.

The seizure warrants at issue in *Republic Bank of Arizona* and its related cases are based on substantially the same affidavit as the seizure warrants challenged by Movants' Application filed with this Court.

Movants alert the Court to this development because the matters pending before this Court—in which a hearing was held on December 12, 2018, and briefing was completed on January 14, 2019—have not yet been adjudicated.

*Local Rule 5-4.3.4(a)(2)(i) Compliance: Filer attests that all other signatories listed concur in the filing's content and have authorized this filing.*

DATED: November 4, 2019

Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.

By:    */s/ Ariel A. Neuman*
        Ariel A. Neuman
Attorneys for Movant John Brunst

| | | |
|---|---|---|
| DATED: November 4, 2019 | | Thomas H. Bienert, Jr.<br>Whitney Z. Bernstein<br>BIENERT, MILLER & KATZMAN, PLC |

By: ___*/s/ Thomas H. Bienert, Jr.*___
　　　　Thomas H. Bienert, Jr.
Attorneys for Movant James Larkin

DATED: November 4, 2019　　　LIPSITZ GREEN SCIME CAMBRIA LLP

By: ___*/s/ Paul J. Cambria, Jr.*___
　　　　Paul J. Cambria, Jr.
Attorneys for Movant Michael Lacey

DATED: November 4, 2019　　　BARTON, KLUGMAN AND OETTING, LLP

By: ___*/s/ John K. Rubiner*___
　　　　John K. Rubiner
Attorneys for Movants Andrew Padilla,
Scott Spear, and Joye Vaught

DATED: November 4, 2019　　　DAVIS WRIGHT TREMAINE LLP

By: ___*/s/ James C. Grant*___
　　　　James C. Grant
Attorneys for Movants Michael Lacey and
James Larkin

DATED: November 4, 2019　　　FEDER LAW OFFICE, P.A.

By: ___*/s/ Bruce Feder*___
　　　　Bruce Feder
Attorneys for Movant Scott Spear

3596349.3

5

NOTICE OF MATERIAL DEVELOPMENT

# EXHIBIT A

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 30 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ANY AND ALL FUNDS HELD IN REPUBLIC BANK OF ARIZONA ACCOUNTS XXXX1889, XXXX2592, XXXX1938, XXXX2912, AND XXXX2500, _____ UNITED STATES OF AMERICA, Plaintiff-Appellee, v. JAMES LARKIN, Real Party in Interest Defendant; et al., Movants-Appellants. | No. 18-56455 D.C. No. 2:18-cv-06742-RGK-PJW MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted July 9, 2019
Pasadena, California

Before: M. SMITH and FRIEDLAND, Circuit Judges, and AMON,** District Judge.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

The Government obtained *ex parte* civil seizure warrants in the Central District of California authorizing the pre-trial seizure of approximately 89 bank accounts belonging to Backpage.com's corporate parent's owners (Appellants) containing proceeds of alleged crimes. After the Government carried out the seizures, Appellants filed a motion to vacate or modify the seizure warrants alleging that the seizures violated their constitutional rights. Without responding to the motion, the district court stayed proceedings pursuant to 18 U.S.C. § 981(g)(1), pending the related criminal matter in the District of Arizona. Appellants now appeal the Stay Order arguing that the district court erred in imposing the stay by failing to first address the constitutional challenges to the pretrial seizures. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) because the stay amounts to a preliminary injunction that keeps the seizures in place, *cf. United States v. Roth*, 912 F.2d 1131, 1133 (9th Cir. 1990), and we vacate and remand.

While 18 U.S.C. § 981(g) permits a court to stay a civil forfeiture proceeding when "civil discovery will adversely affect . . . the prosecution of a related criminal case," it still requires some minimal showing by the Government of such effect. Here, the Government alleged concerns regarding the impact of the disclosure of privileged materials on its strategy in the criminal case, but the court made no actual findings about the materials, nor does the record reflect any type of

in-camera review to verify that those allegations have any merit. Thus, we find no basis outside of conclusory allegations in the record for such a stay.

In briefing and at oral argument, the Government also agreed that Appellants were entitled to some review of their claims prior to the imposition of the stay. Since both parties agree that Appellants' motion should have been adjudicated prior to issuance of the stay, we vacate the Stay Order and remand to the district court to conduct further proceedings.

**VACATED AND REMANDED.**

# United States Court of Appeals for the Ninth Circuit

## Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

(1) A. **Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  ▶ A material point of fact or law was overlooked in the decision;
  ▶ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  ▶ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

B. **Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

- ▶ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
- ▶ The proceeding involves a question of exceptional importance; or
- ▶ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2)  Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3)  Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4)  Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms.*
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms.*

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

**Petition for a Writ of Certiorari**
- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published <u>opinion</u>, please send a letter **in writing within 10 days** to:
  - ▶ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Jean Green, Senior Publications Coordinator);
  - ▶ and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

Post Judgment Form - Rev. 12/2018  3

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 10. Bill of Costs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form10instructions.pdf

**9th Cir. Case Number(s)**

**Case Name**

The Clerk is requested to award costs to (*party name(s)*):

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature**  **Date**

*(use "s/[typed name]" to sign electronically-filed documents)*

| COST TAXABLE | REQUESTED (each column must be completed) | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) (*Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief*) | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee | | | | $ |
| | | | **TOTAL:** | $ |

***Example:*** Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:
No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);
TOTAL: 4 x 500 x $.10 = $200.

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 10**  *Rev. 12/01/2018*